ALPHONSE BLONDEL and Wife vs. CHARLES LE VESCONTE.

June 7, 1889.

Parol Agreement—Part-Performance—Subsequent Written Contract.
  After a contract for service, made orally, had been partly performed, a
  written agreement was executed, specifying the term of service, includ-
  ing the past as well as the future time, and stating the compensation.
  Held, that the written agreement should be deemed to embody the con-
  tract relating to the past as well as to the future service.

Appeal by defendant from an order of the district court for Da-
kota county, Crosby, J., presiding, refusing a new trial after a ver-
dict of $147.48 for plaintiffs.

Leon T. Chamberlain, for appellant.

Hodgson & Schaller, for respondents.

DICKINSON, J.   The plaintiffs claimed to recover an unpaid bal-
ance for services alleged to have been rendered to the defendant
from the 1st of August, 1886, to the 10th of July, 1887, upon an
oral agreement fixing no definite period of service, but designating
the compensation to be $25 a month.   The defendant denies the
rendering of any service, except under a contract in writing provid-
ing that the service should be for a year, to commence September 3,
1886, and terminate September 2, 1887, for the entire compensation
of $300.   The further defence is that the plaintiffs, on July 11, 1887,
without justifiable cause, left the defendant's service.   The plaintiffs
in reply allege that the contract stated by the defendant "was not
entered into until the first day of March, 1887."   It is also alleged
that the defendant discharged the plaintiffs on the 11th day of July,
1887.   A liberal construction of the plaintiffs' pleadings would al-
low a recovery even under the contract as alleged by the defendant,
if without sufficient reason the plaintiffs were discharged as alleged.

On the trial it appeared that the original agreement was made
orally about July, 1886.   The evidence was conflicting as to the terms
then stated and agreed upon, and as to whether the service com-
menced in August or September, 1886.   On the 1st of March, 1887,

a formal written instrument was made out and signed by the defendant and by the plaintiff Alphonse Blondel, the other plaintiff being his wife, expressing the agreement that, for the consideration of $300, the plaintiffs should serve the defendant for one year, commencing September· 3, 1886, and ending September 2, 1887.   No point is made on the ground that the wife did not sign this agreement, and, in view of what is alleged in the reply, this must be regarded as admitted to be the agreement of both the plaintiffs.   In the general charge of the court to the jury no effect was ascribed to the written agreement.   The verdict was made to depend upon what the jury might determine to have been the original oral agreement; the question being also submitted to the jury as to whether the plaintiffs were unjustifiably discharged from the service, or abandoned it of their own accord, without sufficient excuse.   The court refused a request of the defendant to instruct the jury that "the contract made the 1st of March, covering the past and future services, was valid and binding upon all the parties to this suit for the time included therein." The jury ought to have been so instructed.   No question being made as to that instrument being the written agreement of the parties, effect should have been given to it as such.   Presumably this was made for the purpose of embodying and evidencing in the more certain form of a writing what had been agreed upon by the parties.   If in any respect it differed from the original agreement, that does not affect the case, for it was within the power of the parties to modify the original agreement.   We are of the opinion that a new trial must be granted.   We will add that the evidence justified the defendant's request to charge that, if the defendant threatened to discharge Blondel "unless he worked," this alone would not be a discharge.

Order reversed.