JOHN CABLE *vs.* TIMOTHY FOLEY and others.

February 16, 1891.

45 421
49 568

Parol Contract Partly Performed—Subsequent Written Contract—
Merger.—Where a parol contract for work has been partly performed it
is competent for the parties to reduce the contract to writing, and when
they do so the prior parol contract is merged in it.

Same—Construction of Written Contract.—Certain written contracts con-
strued, and *held* to cover work done subsequent to their dates, but prior
to their execution.

Duress—Threats to Withhold Payment of Debt.—A mere threat to with-
hold payment of a debt due is not duress that will avoid the execution of
a contract alleged to have been procured by means of it.

Verdict Properly Directed.—Evidence considered, and *held* to justify an
instruction to find a verdict for defendants.

Action to recover a balance of $2,091.45 for work and labor,
brought in the district court for Ramsey county, and removed for
trial to Stearns county, and there tried before *Searle, J.,* who directed
a verdict for defendants. The plaintiff appeals from the judgment.

*Henry C. James,.* for appellant.

*D. W. Bruckart* and *George H. Reynolds,* for respondents.

GILFILLAN, C. J.[1] The principal question in the case is, are the
three written contracts to be taken as covering all the work done or
agreed to be done by plaintiff, so as to control as to the terms and
conditions upon which the work was done, and so as to exclude parol
evidence thereof? The work described and provided for in the writ-
ten contracts appears, upon their face, to be the identical work done
by plaintiff, and upon which his causes of action (unless the fifth
and seventh) set forth in the complaint are based. There would be
no doubt upon it were it not for the fact shown by the testimony that
part of the work was done before the contracts were actually exe-
cuted. That, however, is not conclusive that the entire work was

[1] Vanderburgh, J., took no part in this decision.

not intended to come within the terms of the written contracts; for it is competent for parties, when a parol contract has been in part performed, to reduce the contract to writing; and when they do so the prior parol contract is merged in it, and the writing becomes the sole expositor of the terms agreed on.   *Blondel* v. *Le Vesconte*, 41 Minn. 35, (42 N. W. Rep. 544.)   The contracts provide for work to be done in the future.   But they are dated back from the time of their execution, so that the dates are prior to the doing of the work; and the work done was done in the future in respect to the dates.   The date of a contract is not always material, but it may be made so by the terms of the contract, an instance of which is where there is a promise to pay or to do an act within a specified time after the date.   In the case of these contracts, we think the dates are material, as showing what work—to wit, that done after the dates—was intended to be covered by their terms.   And, so far as the extrinsic evidence . bears on the point, (supposing it to be a case for extrinsic evidence as to which no question is raised,) it tends to show that the contracts were intended to have effect as of their dates, and not as of the times of actual execution ; for it is to be fairly inferred from the testimony of the plaintiff that it was the understanding that there should be a written contract to cover all plaintiff was employed to do.   We conclude, then, that the terms of the contracts were to control the rights of the parties growing out of the employment, as well what is alleged in the sixth cause of action as the other:   The parol evidence offered to show that it was not intended the contracts should take effect and be binding would expressly contradict their terms, and was therefore not admissible.

That the execution of the contracts was procured by duress would not be established by the evidence offered for that purpose.   It amounted to no more than that, plaintiff being without means to pay his men, the defendants refused to pay him what was then due him, unless he executed the contracts.   The mere threat to withhold from a party a legal right, which he has an adequate remedy to enforce, is not, in the eye of the law, duress; certainly not such as will avoid the execution of a contract.   *Hackley* v. *Headley*, 45 Mich. 569, (8 N. W. Rep. 511;) *Miller* v. *Miller*, 68 Pa. St. 486.   The case com-

ing most nearly to holding that such threats would be duress, is that of *Fargusson* v. *Winslow*, 34 Minn. 384, (25 N. W. Rep. 942,) which was an action to recover back money paid under protest to recover possession of property wrongfully withheld by defendant under a claim of lien upon it. Under the peculiar circumstances of the payment in that case, it was apparent that an action to recover possession of the property, or to recover damages for a conversion of it, might not be an adequate remedy for the plaintiff. There is nothing in the offer in this case to suggest that an action by the plaintiff to recover what was due him would not be an adequate remedy.

But there is another defence to all the causes of action that the evidence in no way avoids. The answer alleges a settlement in full, upon which there was found due plaintiff a certain amount; that it was paid; and that he thereupon gave defendants a receipt in full of all demands. The reply may be construed as denying the settlement, but it admits the giving of the receipt, and sets up matter in avoidance of it. In this evidence plaintiff admits the fact of a final settlement, and payment of the sum specified in the answer, but says he would not accept the settlement, because of overcharges in it; but he did not prove the fact of such overcharges, and he made no attempt to prove any of the matters alleged in his reply in avoidance of the receipt. The receipt was at least *prima facie* evidence of payment in full, and plaintiff could not recover without evidence to avoid that effect of it. The court was therefore right in directing a verdict for defendants.

Judgment affirmed.

NOTE. A motion for a reargument of this case was denied April 9, 1891.